UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**FRITZ OLMANDE,**                  )
                                    )          CIVIL ACTION
             **Petitioner,**        )
                                    )          NO. 4:19-40076-TSH
        v.                          )
                                    )
**KRISTIE LADOUCEUR,**              )
                                    )
             **Respondent.**        )
_____ )

## ORDER AND MEMORANDUM ON RESPONDENT'S MOTION TO DISMISS (Docket No. 11)

**October 23, 2019**

**HILLMAN, D.J.**

On April 4, 2011, a jury convicted Fritz Olmande ("Petitioner") with multiple counts of rape of a child. (Docket No. 12-1 at 8). The Appeals Court of Massachusetts affirmed his convictions, *Commonwealth v. Olmande*, 84 Mass. App. Ct. 231 (2013), and the Massachusetts Supreme Judicial Court ("SJC") denied his application for further appellate review on October 31, 2013, *Commonwealth v. Olmande*, 466 Mass. 1108 (2013). Petitioner did not seek a writ of certiorari from the Supreme Court of the United States.

On November 17, 2014, Petitioner moved for a new trial. (Docket No. 12-1 at 9). The trial court denied this motion, and Petitioner filed a notice of appeal on February 11, 2015. (Docket No. 12-1 at 9). Petitioner, however, took no further action on this appeal. On December 29, 2017, Petitioner filed a second motion for a new trial, which superseded the appeal on his first motion. The trial court declined to grant on a new trial (Docket No. 12-1 at 9–10), and the Appeals Court affirmed, *Commonwealth v. Olmande*, 94 Mass. App. Ct. 1114 (2018). The SJC

1

denied Petitioner's application for further appellate review on March 6, 2019. *Commonwealth v. Olmande*, 481 Mass. 1106 (2019).

Petitioner petitioned for habeas corpus on June 3, 2019. The Court docketed his petition on June 10, 2019. (Docket No. 1). Kristie Ladouceur ("Respondent") moved to dismiss the petition as untimely on September 10, 2019. (Docket No. 11).

## Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq*. (2000), a petitioner must file for federal habeas relief within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *See id*. § 2244(d)(1). Here, the limitations period began on January 29, 2014, when the time to seek a writ of certiorari expired. *See David v. Hall*, 318 F.3d 343, 345 (1st Cir. 2003). It then continued to run for 292 days until Plaintiff filed for a new trial on November 17, 2014. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Even giving Plaintiff the benefit of the almost three-year period between when he filed an appeal on the denial of his first motion for a new trial and when he filed his second motion for a new trial, the AEDPA clock would have resumed, at the latest, on March 7, 2019, the day after the SJC denied his application for further appellate review. *See David*, 318 F.3d at 345. Plaintiff petitioned for habeas corpus relief on June 3, 2019, i.e., 88 days later and 380 cumulative days after his judgment became final. Because he filed his petition outside the one-year limitations period, his petition is untimely. The Court therefore ***grants*** the Respondent's motion to dismiss. (Docket No. 11)

## Certificate of Appealability

The statute governing appeals of final orders in habeas corpus proceedings provides that an appeal is not permitted "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (2000) (internal quotation marks omitted). This is a low bar; a claim can be considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. *Miller-El v. Cockrell*, 537 U.S. 322, 338, 123 S.Ct. 1029 (2003). In ruling on an application for a certificate of appealability, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

I deny a certificate of appealability with respect to dismissal of this petition because I find that Petitioner cannot demonstrate that reasonable jurists could debate whether he filed his petition within the one-year limitations period of AEDPA.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**